```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


CHARLOTTE PETIT                              CIVIL ACTION

VERSUS                                       NO. 06-7178

JIMMY TARLETON III and                       SECTION "R"(5)
ALLSTATE INSURANCE COMPANY
```

### ORDER AND REASONS

Before the Court is the motion of plaintiff Charlotte Petit to remand this matter to state court. Because the Court finds the claims asserted against the in-state defendant, Jimmy Tarleton III, were improperly joined, the Court DENIES the motion.

### I.   BACKGROUND

Plaintiff sued Allstate Insurance Company, her homeowner's insurer, and Jimmy Tarleton III, her insurance agent, in Louisiana state court on claims relating to her insurance coverage. Allstate's citizenship is diverse from plaintiff but Tarleton, like plaintiff, is a citizen of Louisiana. The parties thus are not completely diverse, a requirement for a federal

court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).  Defendants removed this case to federal court on the ground that federal diversity jurisdiction exists because Tarleton was improperly joined.  Plaintiff now moves to remand this matter to state court.  For the following reasons, this motion is denied.

## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).  These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom."  *Id*. (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes."  *Id*. (*quoting*

*Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. §

1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C.  Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id.*  It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id.*  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper

4

joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim.  *Id*. (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

### III. DISCUSSION

Defendants assert that plaintiff's claims against Tarleton are peremped by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents.  The statute provides as follows:

> No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However,

>     even as to actions filed within one year from the date
>     of such discovery, in all events such actions shall be
>     filed at the latest within three years from the date of
>     the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. Under the express terms of the statute, regardless of whether plaintiff sued within one year of discovering her cause of action, the claim is still peremped if plaintiff does not bring it within three years of the act, omission, or neglect. La. Rev. Stat. § 9:5606. Further, peremptive statutes are not subject to suspension. *Reeder v. North*, 701 So. 2d 1291 (La. 1997).

The Court finds that plaintiff's claims are peremped under any viable legal theory. Plaintiff alleges that Tarleton was negligent in various ways when he procured her homeowner's policy and flood policy. In its February 14, 2007 Order in this matter, the Court found that "all but one of [plaintiff's claims against Tarleton] either fails to state a claim as to a recognized duty under Louisiana law or is peremped by virtue of plaintiff's procurement of her insurance policies in 1999 without any allegation of misconduct thereafter." (R. Doc. 16). The only claim that the Court found potentially actionable under Louisiana law was that Tarleton failed to increase the content limits under plaintiff's flood insurance policy despite her instructions to do so in June of 2005. (*Id.*). However, Tarleton has submitted an

unrebutted affidavit, in which he avers that plaintiff did not instruct him to increase the contents coverage in her flood policy in June of 2005. Plaintiff was allowed ten days to controvert Tarleton's affidavit, and failed to do so. The Court therefore finds that plaintiff procured her homeowner's policy and flood policy through Tarleton in 1999, and that the policies have not changed, nor has plaintiff requested that they change, since their issuance. Because plaintiff filed suit on August 28, 2006, her claims are therefore subject to the three-year peremption provided in La. Rev. Stat. § 9:5606.

Furthermore, that the policy was renewed each year does not alter this result. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3 (E.D. La. 2005).

Since plaintiff's claims against Tarleton are perempted, she does not have a reasonable possibility of recovery against him. Joinder is thus improper, and the Court thus has diversity jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 6th day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE